CHICAGO ACCEPTANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12764. Promulgated May 28, 1928.

*E. B. Wilkinson, Esq.,* and *M. F. Gallagher, Esq.,* for the petitioner. *Brice Toole, Esq.,* for the respondent.

OPINION.

MARQUETTE: The income which the petitioner derived from its finance operations consisted of "brokerage," or financing charges paid by purchasers of motor trucks, usually in 12 monthly installments. This brokerage was not paid as a separate item but was merged with the unpaid balance of the purchase price of the truck in a series of promissory notes. The petitioner's profit, its taxable income, was not received as a lump sum but in aliquot parts spread over many months. Occasionally notes were paid before the due

date, the payer thus obtaining a discount which reduced the petitioner's brokerage in like amount. Sometimes, too, notes were not paid when due.

The petitioner's bookkeeping method was to credit its brokerage account as each note became due with the amount of brokerage included in that particular note. If the note was not paid at maturity the brokerage thereon was transferred to the profit and loss account at the end of the year. Expenses were entered on the books as they were paid.

We think that the petitioner was essentially upon an accrual basis, as the respondent contends. But we do not agree that the entire amount of brokerage, $10,494.94, on the notes purchased during 1920 accrued in that year. Nearly two-thirds of the notes purchased did not become due until after the taxable year. Manifestly no discount or profit accrued upon such notes until the discount thereon was earned. The principle involved is essentially no different than that of bank discount, wherein we have several times held that discount neither received nor accrued within a taxable year is not income subject to tax in that year. *Chatham & Phenix National Bank,* 1 B. T. A. 460; *Bank of Hartsville,* 1 B. T. A. 920; *Madison & Kedzie State Bank,* 1 B. T. A. 922.

In our opinion only the amount of brokerage actually earned by the petitioner in the year 1920 should be included in its income for that year. The respondent, in his answer, filed herein, concedes that he erred in restoring to the petitioner's income the amount of $7,040 which it had deducted as a reserve for stock mortgages, and adjustment should be made accordingly.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*